# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

AMADO B. RAVELO AND MARLENE JAQUEZ URENA, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR DAUGHTER MINOR H.R.J.

Plaintiffs,

v.

ERNESTO DI GREGORIO, ET AL.

Defendants.

CIVIL NO. 16-2383 (GAG)

## OPINION AND ORDER

Minor H.R.J. ("Plaintiff" or "MINOR H.R.J.") was a passenger in car accident. Amado B. Ravelo and Marlene Jaquez Urena, individually and on behalf of their minor daughter H.R.J. file suit against the driver of the car, Minor V.D.G. ("Defendant" or "MINOR V.D.G."), Ernesto Di Gregorio, Ecolift Corporation ("Ecolift"), Integrand Assurance Company ("Integrand"), Puerto Rico Highways and Transportation Authority ("PRHTA"), and MAPFRE. (Docket No. 1).

Plaintiffs filed suit invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, seeking to hold Defendants liable for Minor H.R.J.'s injuries, pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit, 31 § 5141, Plaintiff seeks relief for damages she suffered as a result of the car crash. Id. In addition to the physical damages sustained by Minor H.R.J., Plaintiff's parents, Amado B. Ravelo and Marlene Jaquez Urena, assert claims of emotional pain and suffering, as well as mental anguish. (Id. ¶ 151-158).

Pending before the Court are Defendants Ernesto Di Gregorio, Ecolift, Minor V.D.G., and Integrand's Motion for Partial Summary Judgment requesting judgment claiming Plaintiffs lack

**Civil No. 16-2383 (GAG)**

evidence to support their claim, and Defendants MAPFRE and PRHTA's Motion for Summary judgment requesting that the Court dismiss the claims as time-barred. (Docket Nos. 101 at 2; Docket Nos. 100 at 2). Plaintiffs oppose on the ground that summary judgment is improper because there exist genuine issues of material fact. (Docket No. 116). Plaintiffs also oppose PRHTA and MAPFRE's statute of limitations argument. (Docket No. 117 at 9).

After reviewing the parties' submissions and pertinent law, the Court **DENIES** Defendants' Motions for Summary Judgment at Docket Nos. 110 and 111.

## I. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see Fed. R. Civ. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, . . . and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R.Civ. P. 56(c)(1)(B). If the

2

**Civil No. 16-2383 (GAG)**

court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Mun. of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

## II. Relevant Factual and Procedural Background

Di Gregorio is of legal age, father of Minor V.D.G., and owner and President of Ecolift Corporation. (Docket Nos. 101 ¶ 1; 116 ¶ 1). Valeria Di Gregorio, of legal age, is a citizen of the United States. (Docket Nos. 101 ¶ 2;. 116 ¶ 2).

Ecolift is a corporation authorized to do business under the laws of Puerto Rico and is located in San Juan, Puerto Rico. (Docket Nos. 101 ¶ 3; 116 ¶ 3). Integrand Assurance Company is an insurance company authorized to do business in Puerto Rico, with its principal place of business in San Juan, Puerto Rico. At all moments material to this cause of action, Integrand had issued an insurance policy in favor of Ecolift that is subject to its terms, conditions and coverage limit. (Docket Nos. 101 ¶ 4; 116 ¶ 4).

Plaintiffs Minor H.R.J., Amado B. Ravelo, and Marlene Jaquez Urena assert diversity jurisdiction as residents of the State of Louisiana at the time the Complaint was filed. (Docket Nos. 100 ¶ 12; 117 ¶ 12).

Civil No. 16-2383 (GAG)

A. The car accident

On June 26, 2013, at 1:01am, a single-vehicle accident occurred on PR-20, Km. 4.4; Minor V.D.G. was the driver, while AOM sat in front passenger seat and Minor H.R.J., HT and MC were in the back seats.

According to Plaintiffs, Minor V.D.G. was driving under the influence of alcohol and above the speed limit in a reckless manner. (Docket Nos. 101 ¶ 5; 116 ¶ 5).

Minor V.D.G. states that she was driving at 50-55 miles per hour prior to the accident. (Docket Nos. 101 ¶ 8; 116 ¶ 8). Plaintiffs' proposed expert, Engineer Ivan Baiges, determined that the speed limit for PR-20 was 55 miles per hour and that Minor V.D.G. was driving at said speed limit prior to the accident. (Docket Nos. 101 ¶ 11-12; 116 ¶ 11-12).

Minor V.D.G., who was 18 years old at the time of the accident[1], consumed alcoholic beverages the night of the accident. By her own admission, she claims having consumed between two to three beers. (Docket Nos. 101 ¶ 18, 20; 116 ¶ 18, 20). There is no scientific evidence of Minor V.D.G.'s blood alcohol content. No tests were administered to determine V.D.G.'s Blood Alcohol Content after the accident. (Docket Nos. 101 ¶ 19; 116 ¶ 19). Plaintiff Minor H.R.J. stated that she does not know if Minor V.D.G. was too intoxicated to drive. (Docket Nos. 101 ¶ 22; 116 ¶ 22).

B. First Federal Suit

On June 24, 2014, Plaintiffs filed a complaint against Minor V.D.G., Mr. Di Gregorio, Mrs. Di Gregorio and Ecolift in this Court. (Civil Case No. 14-01503 (SEC), Docket Nos. 100 ¶ 4; 117 ¶ 4). Later on, Mr. Di Gregorio, Mrs. Di Gregorio and Ecolift filed a Third-Party Complaint against PRHTA and MAPFRE requesting that the Court order the Third-Party Defendants "to reimburse them for all litigation costs incurred until the dismissal of the claim against them; and that the

---

[1] The legal drinking age in Puerto Rico is 18 years. (Law Num. 361 of September 2004).

**Civil No. 16-2383 (GAG)**

Complaint be dismissed, with prejudice, as to Appearing Co-Defendants or, in the alternative, all Third-Party Defendants be deemed joint and several debtors of Appearing Co-Defendants as to any amount the latter were to pay the parties by virtue of a final judgment". (Docket Nos. 100 ¶ 6-7; 117 ¶ 6-7) (Docket No. 117-1 at 4-5 ¶ 1). The Third-Party Complaint alleged that PRHTA, as owner of the road where the accident occurred, failed to provide proper maintenance to the road, allowing the paint to completely fade thus, creating a dangerous condition. (Docket No. 117-1 at 5 ¶ 2). PRHTA answered denying the claim, arguing that neither the Puerto Rico Police Department's accident report or Minor H.R.J.'s recollection mentioned defects on the road the night of the accident. (Docket No. 117-1 at 5-6 ¶ 4-10).

On July 22, 2015, during the deposition of Tomas Cotto Medina, PRHTA's Conservation Division supervisor, Plaintiffs learned that the PRHTA had not properly maintained the road where the accident occurred. (Docket No. 117-1 at 7-9 ¶ 14-26). On December 4, 2015 the Court dismissed that cause of action without prejudice. (Docket Nos. 100 ¶ 9-10; 117 ¶ 9-10).

        C.  The above-caption complaint

On July 21, 2016, Plaintiffs filed this action against Mr. Di Gregorio, Mrs. Di Gregorio, Ecolift, Integrand Assurance Company, PRHTA and MAPFRE. (Docket Nos. 100 ¶ 11; 117 ¶ 11). Subsequently, Mr. Di Gregorio, Ms. Di Gregorio, Ecolift and Integrand filed a Cross Claim against PRHTA and MAPFRE requesting reimbursement of all monies that they would pay to plaintiffs in the unlikely case of an adverse verdict. (Docket Nos. 100 ¶ 13; 117 ¶ 13). PRHTA and MAPFRE answered the complaint, arguing that that Plaintiff's cause of action against them was time-barred. (Docket Nos. 100 ¶ 14; 117 ¶ 14).

### III. Discussion

The issue at hand is whether Defendant Minor V.D.G. was negligent under Puerto Rico law. Minor V.D.G. conceded she consumed two to three beers the night of the accident. (Docket Nos. 101 ¶ 18; 116 ¶ 18). Minor V.D.G. stated that she "got distracted because [they] were all talking and then took the exist that [she] wasn't supposed to take." (Docket Nos. 101 ¶ 41; 116 ¶ 41). How the rest of the accident unfolded is contested. Nevertheless, the parties agree that the car then steered left into the highway, hitting the left barrier in the exit and then flipping over to the highway. (Docket Nos. 101 ¶ 6; 116 ¶ 6). Plaintiffs allege that Minor V.D.G. was driving negligently and under the influence of alcohol when the accident occurred. (Docket No. 116 at 9-10). Defendants, on the other hand, claim there is no evidence that Minor V.D.G. was driving negligently or under the influence of alcohol when the accident occurred. (Docket No. 101 at 2).

#### A. Puerto Rico Tort Law

The following law governs the Court's analysis. Article 1802 of the Puerto Rico Civil Code imposes tort liability on "[a] person who by an act or omission causes damage to another through fault or negligence." P.R. LAWS ANN. tit. 31, § 5141. To establish liability for negligence, a plaintiff must show that the defendant owed a duty to said plaintiff, that the defendant breached that duty, that the plaintiff suffered damages, and that those damages were caused by the breach of duty. Nieves-Romero v. United States, 715 F.3d 375, 378-79 (1st Cir. 2013) (citing Sociedad de Gananciales c/p Hernández-López v. González Padín Co., 17 P.R. Offic. Trans. 111, 125 (1986)). "As is true in most jurisdictions, foreseeability is a central issue in these cases, as it is an element of both breach of duty and proximate cause." Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir. 2007).

**Civil No. 16-2383 (GAG)**

A defendant's duty "is defined by the general rule that one must act as would a prudent and reasonable person under the circumstances." Id. (citing Ortiz v. Levvitt & Sons of P.R., Inc., 1 P.R. Offic. Trans. 407, 101 P.R. Dec. 290 (1973)). "Foreseeability is a component of the breach [element] because a defendant only breaches [her] duty if [she] acted (or failed to act) in a way that a reasonably prudent person would foresee as creating undue risk." Id. (internal quotation marks omitted). As such, a plaintiff must show the foreseeable risks created by the defendant's acts or omissions to satisfy her burden as to this element. Id. Once a plaintiff has demonstrated that the defendant breached the duty of care, she must then demonstrate that the defendant's negligence actually caused her injuries and the defendant could have reasonably foreseen that the injuries would result from his acts or omissions. Id.; Marshall v. Pérez Arzuaga, 828 F.2d 845, 849 (1st Cir. 1987) (citing Jimenez v. Pelegrina, 112 P.R. Dec. 881, 885 (1982)).

It is undisputed in this case that Minor V.D.G., as the driver of the vehicle, owed a duty of care to Minor H.R.J. once the latter entered the former's vehicle. It is also uncontested that Minor H.R.J. suffered damages due to the car crash. Furthermore, contrary to Defendants contentions, there is a genuine issue of material fact as to whether Minor V.D.G. breached the duty owed. Minor V.D.G. admitted to having two to three beers in the night in question:

> Q Standing. I see. Do you recall how many beers you had for that night?
> A I had two or three beers.

See Transcript of Minor V.D.G.'s deposition taken on December 19, 2014, at 21 ¶ 13-19, Docket No. 102 Exhibit 3. Here, the issues of negligence and foreseeability are issues of fact for the factfinder to determine. Thus, summary judgment is unwarranted.

A) Statute of Limitations

Under Puerto Rico law, "a cause of action for civil liability will expire and become legally unenforceable one year from the 'time the aggrieved person had knowledge thereof.'" Alejandro-

7

**Civil No. 16-2383 (GAG)**

Ortiz v. Puerto Rico Elec. Power Auth. (PREPA), 756 F.3d 23, 27 (1st Cir. 2014) (quoting P.R. LAWS ANN. tit. 31, § 5298). The "statute of limitations is a substantive and not a procedural matter." Id. "A plaintiff will have 'knowledge' of her claim once she has actual knowledge of both the injury and of the identity of the person who caused it." Id. "If a plaintiff brings an action more than a year after the injury took place, she bears the burden of proving that she lacked the requisite 'knowledge' at the relevant times." Hodge v. Parke Davis & Co., 833 F.2d 6, 7 (1st Cir. 1987) (citing Rivera Encarnación v. Estado Libre Asociado de P.R., 13 P.R. Offic. Trans. 498, 501–02 (1982)).

Plaintiff's knowledge is analyzed under three components. See Alejandro-Ortiz, 756 F.3d at 27. "First, actual knowledge occurs when a plaintiff is 'aware of all the necessary facts and the existence of a likelihood of a legal cause of action' which occurs when "the plaintiff ha[s] knowledge of the injury and of the identity of the author of the injury." Id. Second, the plaintiff may be found to have "deemed knowledge"—"an objective inquiry where the plaintiff, while not having actual knowledge, is deemed to be on notice of her cause of action if she is aware of certain facts that, with the exercise of due diligence, should lead her to acquire actual knowledge of her cause of action." Id. This "is essentially parlance for the discovery rule, which stands for the proposition that [t]he one-year [statute of limitations] does not begin to run until the plaintiff possesses, or with due diligence would possess, information sufficient to permit suit." Id. (internal quotations omitted). Moreover, under Puerto Rico law, "if the plaintiff's lack of awareness is due to its own negligence or carelessness, then the prescriptive period will begin to run on the date the alleged tort occurred." Barretto Peat, Inc. v. Luis Ayala Colon Sucrs., Inc., 896 F.2d 656, 658 (1st Cir. 1990). Finally, the exception of the "knowledge" requirement is triggered when "the tortfeasor, by way of assurances and representations, persuades the plaintiff to refrain from filing suit, or otherwise conceals from the plaintiff the facts necessary for her to acquire knowledge." Alejandro-Ortiz, 756 F.3d at 27.

The evidence of record evinces that Plaintiffs lacked the requisite knowledge at the relevant times. Nothing on the record suggested PRHTA as a tortfeasor. Moreover, the Third-Party Complaint (of August 29, 2014) did not trigger tolling period of the claim. The Third-Party Complaint alleges that PRHTA, as owner of the road where the accident occurred, by allowing the paint to fade completely, caused a dangerous condition. (Docket No. 117 at 5 ¶ 2). Once, PRHTA answered the Third-Party Complaint and denied the claim, (Id. ¶ 3) Plaintiffs acted with due diligence. During the discovery process, they discovered through the deposition of Tomas Cotto Medina, (PRHTA's Conservation Division supervisor) that PRHTA had not maintained the road where the accident occurred. Thus, it is on July 22, 2015, when the one-year statute of limitations period began to accrue. If the Court were to hold that the statute of limitations period was triggered with the filing of the Third-Party Complaint, Plaintiffs would have had to amend their complaint to include PRHTA and MAPFRE based on pure speculation and no evidence.

"It is known that under Puerto Rico law, 'due diligence does not mean waiting for answers to fall from the sky, but rather requires reasonable, active efforts to seek answers and clarify doubts.'" Velazquez v. Schindler Corp. of Puerto Rico, 968 F. Supp. 2d 475, 478 (D.P.R. 2013) (citing Espada v. Lugo, 312 F.3d 1, 3 (1st Cir.2002)). The present facts here demonstrate that Plaintiffs did not idly sit on their rights. Once Plaintiffs had knowledge of their tortfeasors, they sued Minor V.D.G., Mr. Di Gregorio, Mrs. Di Gregorio, Ecolift, and Integrand within the one-year limitations period. (Docket No. 100 ¶ 4; Docket No. 117 ¶ 4) (see also Civil Case No. 3:14-cv-01503-SEC). It is during the discovery process of that first litigation that Plaintiffs learned that PRHTA and MAPFRE may be responsible as joint-tortfeasors. (Docket No. 117 at 7-9 ¶ 14-26). Plaintiffs then filed the present complaint on July 21, 2016, within the one-year limitations period. (Docket No. 1). Thus, Plaintiff's

**Civil No. 16-2383 (GAG)**

claims against PRHTA and MAPFRE are not time-barred. Defendants PRHTA and MAPFRE's Motion to Dismiss at Docket No. 100 is denied.

## IV. Conclusion

In light of the foregoing, the Court **DENIES** Defendants Minor V.D.G., Ernesto Di Gregorio, Integrand, and Ecolift's Motion for Partial Summary Judgment at Docket No. 101 and **DENIES** Defendants PRHTA and MAPFRE Motion for Summary Judgment at Docket No. 100.

**SO ORDERED.**

In San Juan, Puerto Rico this 3rd day of June, 2019.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge